**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

M. CARL JACKSON,

    Plaintiff,

v.                                            Case No. 09-12716

US BANK LOAN SERVICING and ORLANS
AND ASSOCIATES,

    Defendants.

                                            /

**OPINION AND ORDER DENYING PLAINTIFF'S
"EMERGENCY EXP[E]DITED EX-PARTE MOTION"**

Pending before the court is *pro se* Plaintiff M. Carl Jackson's "Emergency Exp[e]dited Ex-Parte Motion to Stay Proceedings," filed July 22, 2009. Plaintiff filed his *pro se* complaint on July 9, 2009, which also includes a request for a "emergency . . . preliminary injunction." Because both the motion and the relief requested in the complaint seek to enjoin any foreclosure or eviction proceedings enforceable against Plaintiff, and emphasize the emergency nature of the requested relief,[1] the court will consider the motion as supplemented by the complaint to request a temporary restraining order. For the reasons stated below, the court will deny Plaintiff's motion.

**I. BACKGROUND**

In his complaint, Plaintiff alleges he owns property located at 50423 Hunters Creek Trail in Shelby Township, Michigan, which he obtained through a mortgage loan. (Pl.'s Compl. ¶ 6.) Plaintiff further alleges that he disputed certain mortgage charges

---

[1] In addition, Plaintiff's motion is brought as an ex-parte motion, pursuant to which the court may only issue a temporary restraining order.

and amounts and requested "validation" of the debts by Defendants. (*Id.* ¶¶ 7-9.) Plaintiff contends that the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, requires Defendants to cease all collection activity, including foreclosure proceedings, until they "validate" his debts. (*Id.* ¶ 10.) Plaintiff alleges that Defendants have "wrongfully foreclosed upon plaintiff['s] property." (*Id.* ¶ 12.) Plaintiff states that Defendants have not to Plaintiff's knowledge filed a state court action. (Pl.'s Compl. ¶ A.) Plaintiff also alleges claims for intentional infliction of emotional distress and violation of his Fourteenth Amendment due process rights by Michigan state foreclosure proceedings.

## II.  STANDARD

The purpose of an injunction is not to remedy past wrongs, but rather to prevent the occurrence of threatened future wrongs. *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (citing *Swift & Co. v. United States*, 276 U.S. 311, 326 (1928)). When a past wrong has already occurred, a court must determine that some "cognizable danger of recurrent violation" exists. *Id.* Moreover, the issuance of an injunction may be justified when "no right has yet been violated," *Swift & Co.*, 276 U.S. at 326, if "the moving party . . . satisf[ies] the court that relief is needed." *W.T. Grant Co.*, 345 U.S. at 633.

When evaluating a motion for a temporary restraining order ("TRO"), a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65. *Leslie v. Penn C. R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)). Rule 65 states in relevant part that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an

2

> affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). When evaluating whether to issue a TRO, the court must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]." *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted). These factors are "interrelated considerations that must be balanced together," not independent prerequisites. *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the [TRO]." *Id.* (citing *Griepentrog*, 945 F.2d at 153).

### III.  DISCUSSION

Plaintiff requests that the court grant his "emergency motion for preliminary injunction to [enjoin] the disposal, sale or transfer of pro[pe]rty at 50423 Hunters Creek trail, Shelby Township, MI pending further order of this court of disposition in this case." (Pl.'s Compl. at 1.) Plaintiff avers that his "family will suffer irreparable harm by denial of this harm" because it "would case a loss of abode and damage to [his] reputation, character, and economic injury." (Pl.'s Mot. at 1.) Plaintiff further avers that little harm would result to the court or Defendants if the court were to issue an injunction and that, indeed, doing so would preserve the status quo.

### A. A TRO is an Equitable Remedy

Plaintiff's complaint, on which his motion for a TRO is based, contains three causes of action: (1) violations of Fair Debt Collection Practices Act; (2) intentional infliction of emotional distress; and (3) violation of the Fourteenth Amendment's guarantee of due process by Michigan state foreclosure proceedings. The first and the third causes of action are based on federal law, but all the causes of action seek the same *legal* relief – money damages. (Pl.'s Compl. at 14 ("The Plaintiff pray[s] for an award of Judgment in an amount of no less than twice the $450,000.00 appraised value of Plaintiff['s] property . . . and an additional award of punitive and/or exemplary damages.")) In a portion of the complaint's prayer for relief, and the current motion, however, Plaintiff seeks *equitable* relief, in the form of a TRO. *Great Lakes Consortium v. Michigan*, 06-CV-187, 2006 WL 3838233, *3 (W.D. Mich. Dec, 29, 2006) ("A temporary restraining order, like a preliminary injunction in general, is an equitable remedy, the purpose of which is to maintain the relative positions of the parties until proceedings on the merits can be conducted.") (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)); (Compl. at 12; Mot. at 3). As such, Plaintiff presents the court with an insufficient indication that the rights and remedy sought through the causes of action, as pleaded in his federal case, are currently at risk.

### B. Danger of Irreparable Harm

In evaluating whether to grant a TRO, the court must consider, among other factors, "whether the movant would suffer irreparable injury absent a [TRO]." *N.E. Ohio Coalition for Homeless and Service Employees Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). Federal Rule of Civil Procedure 65 also states a TRO can issue

only if "it clearly appears from specific facts shown by . . . the verified complaint that immediate and irreparable injury, loss, or damages will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65. Considering the present motion, it is not clear whether an immediate injury will result. While Plaintiff has recited some of the elements that a court is required to consider in a decision regarding an injunction, Plaintiff provides the court will few, if any, factual allegations to support his contentions.

First, Plaintiff states that his home has already been foreclosed upon. (Pl.'s Compl. ¶ 12.) Plaintiff appears to request that the court enjoin Defendants from evicting Plaintiff and his family from his home, contending that this would cause "irreparable harm." (*See* Pl.'s Mot. at 1.) While "whether the movant would suffer irreparable injury absent a [TRO]" is a consideration for the court, Plaintiff has not alleged facts sufficient to find that he will suffer an irreparable injury if an injunction does not issue. *N.E. Ohio Coalition*, 467 F.3d at 1009. Plaintiff has not provided any eviction notice, and the court cannot conclude that danger is so immediate to necessitate a TRO without an opportunity for the Defendants to be heard.

In addition, Michigan law allows for a six-month redemption period for Plaintiff to regain title to his property. Mich. Comp. Laws § 600.3140. Thus, even if Plaintiff has lost his home through the alleged actions of Defendants, Plaintiff still has a statutory right to redeem his property and re-occupy the residence. The redemption period is only one right, among a panoply, designed to protect homeowners in the foreclosure process. *See generally* Mich. Comp. Laws §§ 600.3101-600.3185. At a minimum, the

5

court is without sufficient facts to conclude that Plaintiff's rights are in such danger that any harm can be considered irreparable.

Finally, Plaintiff filed his motion on an emergency and ex parte basis and seeks a TRO without an opportunity for Defendants to be heard. Plaintiff has not met his burden and has not satisfied the court that relief is needed. *W.T. Grant Co.*, 345 U.S. at 633.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Emergency Exp[e]dited Ex Parte Motion to Stay Proceedings" [Dkt. # 2] is DENIED.

        S/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: August 6, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 6, 2009, by electronic and/or ordinary mail.

        S/Lisa G. Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522