**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

M. CARL JACKSON,

    Plaintiff,

v.                                Case No. 09-12716

US BANK LOAN SERVICING and ORLANS
AND ASSOCIATES,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S**
**"EX-PARTE MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER"**

Pending before the court is pro se Plaintiff M. Carl Jackson's "Ex-parte Motion for an Emergency Temporary Restraining Order Pursu[a]nt to FRCP 65," filed on October 15, 2009. Plaintiff filed his pro se complaint on July 9, 2009, which contains three causes of action: (1) violations of Fair Debt Collection Practices Act; (2) intentional infliction of emotional distress; and (3) violation of the Fourteenth Amendment's guarantee of due process by Michigan state foreclosure proceedings. In the complaint, Plaintiff requested a temporary restraining order ("TRO") seeking to enjoin foreclosure and eviction proceedings. The court denied the TRO on August 6, 2009. Defendant US Bank Loan Servicing ("US Bank") answered on August 7, 2009, and Defendant Orlans and Associates answered on September 9, 2009. On September 9, 2009, the court held a scheduling conference attended by Plaintiff and Defendant US Bank. On September 25, 2009, the court issued a scheduling order which remains in place.

Plaintiff alleges that he will be evicted from his home on October 16, 2009, and requests, in an ex parte motion, that the court enjoin the state court's order of eviction.

The court will deny Plaintiff's TRO.

First, both Defendants have appeared before the court, and entertaining an ex parte motion would be inappropriate under Federal Rule of Civil Procedure 65(b). Second, and relatedly, Plaintiff is required under Eastern District of Michigan Local Rule 7.1(a) and by the court's scheduling order of September 25, 2009, to seek concurrence before filing any motion. Nothing on the record indicates that he has done so, and his motion is inappropriate for that reason as well. For example, Plaintiff has not indicated whether any attempts to give notice have been made or why notice should not be required. Third, Plaintiff's motion and accompanying exhibits do not establish that the plaintiff or plaintiffs in the to-be-enjoined state court proceedings are the same as the Defendants in this case. Fourth, the court remains unpersuaded that an injunction –an *equitable* form of relief– is appropriate at all in this case where Plaintiff has pleaded claims that justify only *legal* remedies. (*See* 8/6/2009 Order 4.) Accordingly,

IT IS ORDERED that Plaintiff's "Ex-parte Motion for an Emergency Temporary Restraining Order Pursu[a]nt to FRCP 65" is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 16, 2009, by electronic and/or ordinary mail.

 S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522